Crystal D. KILCHER, et al., Respondents,

v.

Helen A. DALE, Defendant,

Transamerica Financial Advisors, Inc., Appellant.

No. A09–2216.

Court of Appeals of Minnesota.

July 20, 2010.

Kyle E. Hart, Gordon P. Heinson, Hannah R. Stein, Fabyanske, Westra, Hart & Thompson, P.A., Minneapolis, MN, for respondents.

James R. Crassweller, Kalina Wills, Gisvold & Clark PLLP, Minneapolis, MN; and Joseph C. Coates, III, Greenberg Traurig, P.A., West Palm Beach, FL, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and WILLIS, Judge.*

## OPINION

KLAPHAKE, Judge.

Appellant Transamerica Financial Advisors, Inc., challenges the district court's order denying its motion to compel arbitration of respondents' claims against appellant arising out of securities transactions. Respondents withdrew their claims against appellant and co-defendant Helen Dale from arbitration after Dale successfully moved for dismissal of all claims against her originating more than six years before the arbitration complaint was filed. Respondents relied on Rule 12206(b), which provides that the moving party agrees that the nonmoving party may withdraw all related claims from arbitration after a dismissal of time-barred claims.

Because we conclude that the district court erred in interpreting Rule 12206(b) to permit withdrawal of related claims against both the moving party, Dale, and appellant, a respondent non-moving party, and that the issue of the arbitrability of respondents' claims is for determination by the arbitration panel, we reverse and remand.

## FACTS

Appellant is a Delaware corporation that acts as a securities broker-dealer. Defen-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

dant Dale, who is not a party to this appeal, is an independent contractor who acts as an agent for appellant. Respondents Crystal D. Kilcher, Daniel Kilcher, Anthony C. Muellenberg, and Troy Muellenberg, are siblings who purchased various types of insurance, annuities, and securities through Dale.

When they opened their accounts with Dale and appellant, respondents all signed binding arbitration agreements. Under the terms of these agreements, respondents agreed to arbitrate any controversy "arising out of or relating" to the accounts in accordance with the rules of the National Association of Security Dealers (NASD). The NASD is now known as the Financial Industry Regulatory Authority or FINRA.

Respondents brought arbitration claims against Dale and appellant, alleging churning, breach of fiduciary duty, unsuitability, misrepresentation, violations of state and federal security laws, respondeat superior and agency claims, and failure to supervise. Under the FINRA rules, claims involving insurance are barred from arbitration. Both appellant and Dale moved to dismiss these insurance claims from arbitration. Dale also moved to dismiss securities claims that originated more than six years before the arbitration complaint was filed, based on FINRA Code of Arbitration Proc. § 12206(a). Appellant did not join in this motion.

The arbitration panel's order dismissed all insurance claims against appellant and Dale based on a lack of jurisdiction to hear them. The panel also dismissed some of the securities law claims based on the six-year limitation. According to the language of the order, which is not precise, "Under [FINRA] Code § 12206(a), claims are ineligible for submission where six years have elapsed from the occurrence or event giving rise to them. Claims arising from any security purchased before December 11, 2001 are dismissed." Although this order was based on Dale's motion, the language of the order is not strictly limited to claims against Dale.[1]

According to Rule 12206(b), "[b]y filing a motion to dismiss a claim under [the rule imposing a six-year limitations period], the moving party agrees that if the [arbitration panel] dismisses the claim under this rule, the non-moving party may withdraw any remaining related claims without prejudice and may pursue all the claims in court."

Respondents withdrew the remaining claims against both Dale and appellant and brought a complaint in district court, alleging the same causes of action. Appellant moved to compel arbitration, arguing that because it was not the moving party before the arbitration panel, it had not agreed to withdrawal of respondents' claims, which therefore must be arbitrated. Appellant further asked that any proceedings in district court, including adjudication of the insurance claims, be stayed pending completion of arbitration. The district court concluded that although there was a binding arbitration agreement and respondents' claims fell within the scope of the agreement, respondents were permitted to withdraw the remaining claims and proceed in court under Rule 12206(b). Although appellant was not the moving party before the arbitration panel, the district court noted that it acquiesced in Dale's motion to dismiss claims based on the six-year limitation rule by failing to object to it, and the ruling had the effect of terminating many of respondents' claims against appellant.

---

1. The panel refused to dismiss some of the claims based on a two-year statute of limitations, but dismissed others originating more than five years before based on state and federal statutes of repose. These actions are not implicated by Rule 12206(b).

The limited issues on appeal are whether the district court erred by refusing to compel arbitration of respondents' securities claims against appellant and, if so, by refusing to stay court proceedings pending the outcome of arbitration proceedings.

## ISSUES

1. Did the district court err by refusing to compel arbitration of respondents' securities claims against appellant?

2. Did the district court err by refusing to stay court proceedings on respondents' remaining claims pending arbitration of the securities claims?

## ANALYSIS

*Arbitration*

 We review the district court's interpretation of arbitration clauses de novo. *Onvoy, Inc. v. SHAL, LLC,* 669 N.W.2d 344, 349 (Minn.2003). The party opposing arbitration has the burden of proving that the dispute is not within the scope of the arbitration agreement. *Id.* Any doubts about arbitrability should be resolved in favor of arbitration. *Johnson v. Piper Jaffray, Inc.,* 530 N.W.2d 790, 795 (Minn. 1995). But the agreement to arbitrate, like any contract, must be interpreted in accordance with the contract terms. *Id.*; see also *Michael–Curry Co. v. Knutson Shareholders Liquidating Trust,* 449 N.W.2d 139, 141 (Minn.1989). As the reviewing court, our task is two-fold: we must determine (1) if a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of the arbitration agreement. *Churchill Envir. & Indus. Equity Partners v. Ernst & Young, L.L.P.,* 643 N.W.2d 333, 337 (Minn. App.2002).

The arbitration agreements here state that "disputes will be settled by arbitration in accordance with the rules, then established, of [FINRA]." Thus the agreements incorporate the provisions of the FINRA rules. *See AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co.,* 242 F.3d 777, 780–81 (8th Cir.2001) (incorporating by reference underlying contract between disputing parties to arbitration agreement of one party with surety).

Rule 12206(b) states:

By filing a motion to dismiss a claim under this rule [regarding time limitations on actions], the moving party agrees that if the panel dismisses a claim under this rule, the non-moving party may withdraw any remaining related claims without prejudice and may pursue all of the claims in court.

Because this rule has been incorporated into the agreements between the parties, we apply basic rules of contract construction.

As to defendant Dale, the effect of the rule is clear. Having moved to have certain claims dismissed as time-barred, she agreed under the provisions of the rule that any remaining related claims could be withdrawn and pursued in court. The application of the rule to agreements between appellant and respondents, however, is not as clear. Appellant is neither the moving party nor the party against whom the motion was made. The rule does not define "remaining related claims" or provide any reference as to how that phrase applies to multiple respondents. The district court noted that the language of the rule permitting withdrawal of "remaining related claims" does not specifically limit withdrawal to claims against the moving party. Conversely, the language of the rule does not specifically extend the option of withdrawing claims against a non-moving respondent party.

 "A contract is ambiguous if its language is reasonably susceptible to more than one interpretation." *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 394 (Minn.1998). We review

the issue of contractual ambiguity de novo, as a question of law. *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn.2008). We conclude that the agreements here incorporating Rule 12206(b) are ambiguous; either interpretation, permitting withdrawal of claims against a moving party or permitting withdrawal of all claims against all parties, is reasonable.

■ Construction of an ambiguous contract is generally a question of fact reserved for the factfinder. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn.2003). If a contract is ambiguous, the finder of fact may consider extrinsic evidence in order to determine the intent of the parties to the contract. *City of Va. v. Northland Office Props. Ltd. P'ship*, 465 N.W.2d 424, 427 (Minn.App.1991), *review denied* (Minn. Apr. 18, 1991).

We are confronted with an unusual issue here: whether the language of Rule 12206(b) renders an otherwise arbitrable matter nonarbitrable as to a non-moving respondent party. Resolution of this issue requires not extrinsic evidence so much as determination of arbitrability. Because of the presumption in Minnesota law favoring arbitration, we conclude that this issue of arbitrability must be determined by the arbitration panel. *See Johnson*, 530 N.W.2d at 795.

■ If the scope of an arbitration clause is reasonably debatable, the issue of arbitrability is to be determined by the arbitrator. *Churchill Envir. Partners*, 643 N.W.2d at 337 (citing *Atcas v. Credit Clearing Corp. of Am.*, 292 Minn. 334, 341, 197 N.W.2d 448, 452 (1972)). Because of the ambiguity here, we can neither determine as a matter of law that respondents' claims against appellant remain arbitrable nor conclusively state that they do not.

This conclusion is supported by the fact that the FINRA rules of procedure provide few procedural guidelines. The district court based its decision largely on appellant's failure to object before the arbitration panel to respondents' withdrawal of their claims. At oral argument, neither party could direct us to a rule, guideline, or other mechanism that would permit or require a party to make an objection to an action of the panel. Under these circumstances, it is reasonably debatable that respondents' securities claims against appellant remain arbitrable.

We therefore reverse the district court's order denying appellant's motion to compel arbitration of respondents' securities claims and order the district court to direct the parties to return to the arbitration panel for determination of the issue of arbitrability.

*Stay of Remaining Claims*

■ Appellant moved the district court to stay litigation of respondents' non-securities claims pending the outcome of arbitration. Because it denied appellant's motion to compel arbitration, the district court did not rule on this issue.

■ When a matter encompasses both arbitrable and nonarbitrable claims, it is appropriate to stay resolution of the nonarbitrable claims pending an arbitration decision if the arbitrable claims predominate. *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F.Supp.2d 986, 997 (D.Minn.1999). This serves the overall purpose of arbitration, which is to provide "parties with an efficient, inexpensive means of dispute resolution." *Peggy Rose Revocable Trust v. Eppich*, 640 N.W.2d 601, 606 (Minn.2002). Here, the remaining claims concern suitability of insurance products, which are not part of appellant's business. Thus, the securities claims clearly predominate in respondents' action against appellant.

Although this will result in separate proceedings in different forums, the United States Supreme Court has concluded that the principle of upholding parties' contrac-

tual agreements to arbitrate disputes outweighs the risk of inefficiency. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). We therefore conclude that litigation of respondents' remaining claims against appellant must be stayed pending resolution of the arbitrable matters.

### DECISION

■ In an arbitration action, where a party successfully moves to dismiss a claim as time-barred by FINRA Rule 12206(a), the non-moving party may withdraw related claims against the moving party. But related claims against a non-moving respondent party in the same arbitration action present an issue of arbitrability to be determined by the arbitration panel. The litigation of nonarbitrable claims may be stayed pending resolution of the arbitration action.

**Reversed and remanded.**